## Illinois Steel Company v. Michael Trafas.

1. NEGLIGENCE—*Injuries from Accident—Employer Not Liable.*— For an injury which occurs to a workman from pure accident, unaccompanied by a want of ordinary care by the employer, such employer is not liable.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

WILLIAMS, HOLT & WHEELER and E. PARMALEE PRENTICE, attorneys for appellant.

KAVANAGH & O'DONNELL, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of $7,000, recovered by

the appellee for alleged injuries received by him as an employe of the appellant, working in and about its Bessemer converting works.

The serious burning to which the appellee was subjected, through the alleged negligence of the appellant, was immediately occasioned by the falling of an ingot of hot steel which was being lifted and carried to a car, by means of tongs and a crane, from the place where it had been shaped by a mold from molten metal into a partially solidified form. As the ingot fell it burst, and the yet molten steel of its inside spattered upon and burnt the appellee, causing the injuries complained of.

The ingots are formed by pouring molten steel into molds from a ladle carried by a crane. The cooling process immediately begins, and the part of the steel nearest to the mold, or on the outside, cools the soonest. As soon as may be, the molds are stripped off, leaving the ingot standing upright, about five or six feet high, pyramidal-shaped, and weighing a ton or more. Tongs, constructed somewhat upon the principle of the small tongs used in handling cakes of ice, attached to a chain at the end of a crane are then applied to the ingot, and the surface not yet being entirely hardened, their points sink sufficiently into the metal to hold and carry the ingot as it is lifted by the operation of the crane and swung around to and deposited in pockets on cars that are near by, and are used to carry the ingots into the rolling mill.

A part of appellee's duty, in connection with the operation of one of the cranes that were in the pit, was, by the aid of a long hook, to guide the ingot into position so that when lowered it would be deposited in one of the pockets on the ingot car.

We will not attempt to say where the weight of evidence lay concerning the cause of the fall of the ingot in question. One theory is, that appellee negligently permitted the ingot to strike the side of the car to which it was being directed, and thereby caused the tongs to be loosened so as to let the ingot fall. Another theory is, that the ingot had

Illinois Steel Co. v. Trafas.

not been permitted to sufficiently cool before being lifted, and that in consequence, the ingot collapsed, and so fell. There may be other theories of the cause of the falling of the ingot, but we need not state others, if there be such.

The parties are also in contention as to whether the foreman, or superior officer, under whom the appellee worked, ordered the ingot to be lifted and moved before it had sufficiently cooled so as to be in a safe condition for moving; and also, upon the closer question whether the accident was the result of the negligence of appellee and a fellow-servant who put the tongs upon the ingot, or either of them.

One or more of the counts of the declaration, charged appellant's negligence to consist in a failure to arrange its cranes and appliances in a reasonably safe manner, and to furnish a reasonably safe place for its servants to work in, in that there was insufficient space around said cranes, etc., for said servants to work, and in case of accident, to escape from injury.

The appellee had worked continuously for two years in that particular place and employment, and there was no evidence that the place and implements were not reasonably safe, and such as pertained to like industries elsewhere, and there was no evidence that a safer practicable method or place could have been pursued or furnished.

True, the appellee testified that he tried to escape and could not, after he saw the ingot was about to fall, or was falling, but such testimony manifestly had relation to time rather than to space in which to escape.

The appellant was therefore entitled to have its eighth instruction given in an unmodified form. As offered, it was as follows:

" An employer is not bound to furnish his employes with absolutely safe materials and appliances. He is not an insurer of the safety of his employes or of the perfection of the materials or appliances upon or with which the employe may labor. But his obligation is to use ordinary and reasonable care to supply reasonably safe materials and appliances; and if the jury believe from the evidence that the

defendant furnished Trafas with an ingot reasonably cooled and hardened for moving through the air, held by tongs, and that the ingot fell from pure accident, or from any negligence on the part of Trafas, or because the hold upon the ingot was loosened without negligence of the defendant by reason of striking against, or resting upon, a car, so that the ingot fell over and injured Trafas, then the jury should bring in a verdict of 'not guilty.' "

The court, however, modified the instruction by adding to it as follows:

" Unless they find from the evidence that the defendant was guilty in so arranging and operating the derricks, cranes, cars and appliances in and about the work ·at the time of the accident so as to unnecessarily and unreasonably endanger the life of the plaintiff while in the performance of his duties."

Appellee has not pointed us, by his brief upon this instruction, to any evidence that justified the words added by the court, and we have not been able to discover any. For an injury which occurs to a workman from pure accident, unaccompanied by a want of ordinary care by the employer, the latter is not responsible. And an instruction which so tells the jury should not have had added to it such qualifying words as bring to their consideration issues which have no support in the evidence; and this is especially true where, as here, the modifying words of the instruction, if proper under any evidence which we have failed to see, omitted all reference to any assumption of risk by the appellee which would have been a necessary subject of consideration in connection with negligence, if any, by the appellant in the arrangement of its machinery and appliances, or the providing of reasonable space to work in.

We might comment upon other features of the case, but we refrain from so doing, believing that if there be any material error therein it will be avoided upon another trial, if one be had.

For the error indicated the judgment will be reversed and the cause remanded.